ROB BONTA
Attorney General of California
LYNDSAY CRENSHAW
Supervising Deputy Attorney General
JACQUELINE KALLBERG
Deputy Attorney General
State Bar No. 298886
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone: (619) 738-9060
  Fax: (619) 645-2581
  E-mail: Jacqueline.Kallberg@doj.ca.gov
*Attorneys for Defendants*
*J. Gomez, A. Nix, J. Dunlap, and M. Stolsig*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **KEVIN MOE MOORE,**<br><br>                              Plaintiff,<br><br>     v.<br><br>**SALINAS VALLEY STATE PRISON, et al.,**<br><br>                            Defendants. | 5:21-cv-01019-EJD<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>*[No Oral Argument Requested]*<br><br>Judge:    Hon. Edward J. Davila |

**REPLY**

Plaintiff Kevin Moe Moore's opposition to Defendants' Motion for Summary Judgment fails to raise any genuine issue of material fact as to any of the claims on which Defendants seek summary judgment. Plaintiff has failed to meet his burden to present evidence to support his claims and has not shown that an objective serious risk of harm existed or that Defendants subjectively disregarded that harm. Further, Plaintiff has provided no evidence or authority as to why Defendants are not entitled to qualified immunity.

Despite Plaintiff's claims that his constitutional rights were violated, Plaintiff has failed to

1

satisfy the two-prong test for medical deliberate indifference under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). It is undisputed that there was no objective risk of serious harm at the time of the alleged violation, and that Defendants subjectively ignored such risk. As such, Defendants' Motion for Summary Judgment should be granted.

## I. PLAINTIFF'S OPPOSITION FAILED TO RAISE ANY GENUINE ISSUE OF MATERIAL FACT.

Plaintiff has failed to meet his burden to establish that a genuine issue of material fact actually exists. *See In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2001). To avoid summary judgment, Plaintiff is "required to present significant, probative evidence tending to support h[is] allegations." *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007) (citations omitted).[1] "The party opposing summary judgment may not rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial." *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Plaintiff has failed to present any evidence to support his claim that Defendants' violated his constitutional rights. "[A] complete failure of proof concerning an essential element of a nonmoving party's case necessarily renders all other facts immaterial and summary judgment should be granted." *Celetox Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Instead, Plaintiff focuses on his interpretation of the evidence or factual disputes that are not relevant to proving his claims.[2] "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment."). Plaintiff has

---

[1] Plaintiff is aware of this requirement as he cites similar case law in his Opposition. *See* Opposition, 2:15-17.

[2] Plaintiff focuses on whether the checks in AdSeg were every 30 minutes or every hour as a material fact in dispute. *See* Opposition, 5:5-13. However, this fact is immaterial to any of Plaintiff's claims as it is not dispositive and should be disregarded. The same is true for Plaintiff's argument regarding whether he was found conscious or unconscious after his suicide attempt. *See* Opposition, 8:3-20.

2

Defs.' Reply to Mot. for Summ. Judgment (5:21-cv-01019-EJD)

1  completely failed to meet his burden, thus summary judgment should be granted in favor of
2  Defendants.

3        **A.     Plaintiff Has Failed to Establish an Objective Risk of Serious Harm.**

4        In order to prevail on a claim for medical deliberate indifference under the Eighth
5  Amendment, an inmate must show that s serious medical need existed at the time of the alleged
6  violation. *Estelle*, 429 U.S. at 104. Plaintiff claims in his Opposition that he was imminently
7  suicidal at the time he was evaluated and that he was improperly evaluated by Defendants J.
8  Gomez, J. Dunlap, and A. Nix. However, the undisputed facts and evidence do not support
9  Plaintiff's position, nor has Plaintiff provided any additional evidence or expert opinion to
10 support his position.

11       Plaintiff's Opposition focuses on the actions of the Crisis Intervention Team ("CIT"),
12 made up of Defendants J. Gomez, J. Dunlap, and A. Nix, on July 3, 2020. Plaintiff alleges the
13 CIT did not properly evaluate him on July 3, 2020. However, Plaintiff does not provide any
14 expert opinion to support his claim that "an additional (10) risk factors should have been applied
15 to Plaintiff . . ." Opp., at 5:22-24. Rather, he identifies the factors he believes should have been
16 marked in the affirmative by the CIT. Opp., at ¶ 17. Plaintiff has no medical training, nor does
17 he have any expertise in mental health evaluation, and is not qualified to interpret the CIT's
18 evaluation on July 3, 2020. Further, he has provided no evidence that the CIT's training and
19 experience was deficient in some way or that they were unqualified to evaluate him on July 3,
20 2020. In assessing whether a patient requires a higher level of care, multiple factors are taken
21 into account at the time of the evaluation to identify a patient's acute suicide risk. *See*
22 Declaration of R. Canning ("Canning Decl."), at ¶ 24. Defendants do not dispute that Plaintiff
23 had some risk factors at the time of his July 3, 2020 evaluation, many of which were identified by
24 Plaintiff in his Opposition, however Plaintiff's presentation, including his denial of any plans or
25 intent to harm himself and his stated goal of re-entering the mental health program, outweighed
26 these risk factors. [UMF Nos. 49, 50, 52, 56 – 59.][3] Defendants' expert, Dr. Canning, has opined

---

27
28       [3] Many of Plaintiff's counter-designations to his deposition identified in the Opposition

3

Defs.' Reply to Mot. for Summ. Judgment  (5:21-cv-01019-EJD)

that the CIT's action were medically appropriate. *See* Canning Decl., at ¶ 27. Plaintiff has provided no evidence to the contrary other than his own opinion. As Plaintiff has provided no admissible evidence to support his claims that he was at an imminent risk of suicide at the time of his evaluation on July 3, 2020, summary judgment should be granted in Defendants J. Gomez, J. Dunlap, and A. Nix's favor.

### B. Plaintiff Has Provided No Evidence of Defendants' Deliberate Indifference.

To prevail on his claim, Plaintiff must also show that Defendants J. Gomez, J. Dunlap, and A. Nix were deliberately indifferent to his serious medical need. "[T]o show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (internal quotation marks and citation omitted). Even assuming Plaintiff had a serious medical need at the time of the July 3, 2020 evaluation, Plaintiff cannot show that Defendants J. Gomez, J. Dunlap, and A. Nix deliberately ignored that serious medical need. As a team, Defendants responded to Plaintiff's threat of suicide in a timely manner and performed a comprehensive evaluation of Plaintiff. [UMF Nos. 48, 49, 52, 56, 57, and 59.] Based on Plaintiff's presentation, the team assessed Plaintiff's acute suicide risk as low, and with the knowledge that he was to be seen in short order by the Interdisciplinary Treatment Team ("IDTT"), they made a decision based on their training and experience to send him back to his housing unit. Plaintiff has presented no evidence that Defendants J. Gomez, J. Dunlap, and A. Nix were anything but responsive and thorough.[4]

---

were also identified in Defendants' Separate Statement of Undisputed Facts. Thus, these facts remain undisputed by Plaintiff.

[4] While Plaintiff disagrees with the CIT's evaluation and decision to send him back to his housing unit, this does not amount to deliberate indifference. A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference. *Toguchi*, 391 F.3d at 1058; *Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir.

4

Defs.' Reply to Mot. for Summ. Judgment  (5:21-cv-01019-EJD)

Further, Plaintiff claims Defendants have admitted in their moving papers that they were negligent. Opp. at 3:14-22. Even if this were true, this is not the appropriate standard by which to determine deliberate indifference. Deliberate indifference is an "extremely high" standard. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Allegations of negligence, gross negligence, civil recklessness, and medical malpractice are all insufficient to establish a constitutional violation. *Toguchi*, 391 F.3d at 1060. As Plaintiff has provided no evidence that Defendants J. Gomez, J. Dunlap, and A. Nix were deliberately indifferent to his serious medical need, summary judgment should be granted in their favor.

### C. Plaintiff Does Not Dispute Dr. Stolsig is Entitled to Summary Judgment.

Plaintiff's Opposition does not address Dr. Stolsig's evaluation of him on June 11, 2020. He does not deny that he was not imminently suicidal at the time of this evaluation or that he endorsed a desire to rejoin the mental health services program. Further, Plaintiff does not claim that Dr. Stolsig's decision to refer him to the IDTT was medically unacceptable or that it ignored an imminent suicide risk. Finally, Plaintiff did not attempt suicide after he was evaluated by Dr. Stolsig and does not claim any harm as a result of her evaluation on June 11, 2020. Thus, summary judgment should be granted in Dr. Stolsig's favor.

## II. DEFENDANTS' ARE ENTITLED TO QUALIFIED IMMUNITY.

Plaintiff's Opposition fails in its entirety to address Defendants' assertion of qualified immunity. Plaintiff has provided no evidence to support his claims of a constitutional violation or any authority as to why Defendants are not entitled to qualified immunity. It is Plaintiff's burden to show that the contours of the right at issue are clearly established, and he has not. *Clairmont v. Sound Mental Health*, 632 F.3d 1091, 1109 (9th Cir. 2011).

As discussed previously, Defendants did not violated Plaintiff's Eighth Amendment rights, nor did they knowingly violate a clearly established right. The Ninth Circuit has held that

---

1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding medical treatment does not give rise to a [§] 1983 claim." *Franklin v. Oregon,* 662 F.2d 1337, 1334 (9th Cir. 1981).

5

Defs.' Reply to Mot. for Summ. Judgment  (5:21-cv-01019-EJD)

absent knowledge that a person in custody had "present suicidal ideations," the case law did not clearly establish when that person's risk of suicide was substantial enough to require immediate attention. *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 600-602 (9th Cir. 2019).  No Defendant, at the time they evaluated Plaintiff, believed he was at an imminent risk of attempting suicide. When Dr. Stolsig evaluated Plaintiff on June 11, 2020, Plaintiff denied suicidal ideation, his behavior did not indicate an imminent suicidal risk, and Plaintiff endorsed a desire to rejoin the mental health services program. [UMF Nos. 30 – 34.] When Plaintiff was evaluated by J. Gomez, J. Dunlap, and A. Nix on July 3, 2020, he claimed suicidal ideation, but denied any intent or plans to harm himself, and again endorsed his desire to rejoin the mental health services program, resulting in his acute suicide risk being assessed as low. [UMF Nos. 42, 52, 59, 60.] Plaintiff has not submitted any evidence or expert opinion to dispute that this assessment was incorrect. Defendants believed they were providing appropriate medical care to an inmate who was not an imminent suicide risk. A reasonable person in Defendants' position, at the time they evaluated Plaintiff based on their training and experience, would not have believed they were violating the Constitution. Thus, Defendants did not violate a clearly established right and are entitled to qualified immunity. As such, their Motion for Summary Judgment should be granted.

## CONCLUSION

Plaintiff has failed to meet his burden and show that a genuine issue of material fact actually exists. Defendants have met their burden and have shown, via the evidence in this matter, that Defendants were not deliberately indifferent to Plaintiff's serious medical need, and that they are entitled to qualified immunity. Thus, Defendants respectfully request the court grant their Motion for Summary Judgment.

///

///

///

///

6

Defs.' Reply to Mot. for Summ. Judgment  (5:21-cv-01019-EJD)

1  Dated: July 24, 2023                              Respectfully submitted,

                                                     ROB BONTA
                                                     Attorney General of California
                                                     LYNDSAY CRENSHAW
                                                     Supervising Deputy Attorney General


                                                     */s/ Jacqueline Kallberg*
                                                     JACQUELINE KALLBERG
                                                     Deputy Attorney General
                                                     *Attorneys for Defendants*
                                                     *J. Gomez, A. Nix, J. Dunlap, and M. Stolsig*

SF2021401846
84062628.docx

7

Defs.' Reply to Mot. for Summ. Judgment  (5:21-cv-01019-EJD)

# CERTIFICATE OF SERVICE

Case Name: **Moore, Kevin M. (AG3258) v. SVSP, et al.**        No. **5:21-cv-01019-EJD**

I hereby certify that on July 24, 2023, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On July 24, 2023, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Kevin Moe Moore
AG3258
North Kern State Prison
P.O. Box 5000
Delano, CA  93316
In Pro Per

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on July 24, 2023, at San Diego, California.

|  A. Flores  |  *(signature)*  |
|---|---|
| Declarant | Signature |

SF2021401846
84062648.docx